FILED

2020 JAN 30 PM 2:55

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:2020-cr-43T02 JSS

21 U.S.C. § 841(a)(1)
18 U.S.C. § 922(g)(1)

ANDREW RICHIE BROWN

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about July 2, 2018, in the Middle District of Florida, the defendant,

ANDREW RICHIE BROWN,

did knowingly and intentionally distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).

Before defendant ANDREW RICHIE BROWN committed the offense charged in this count, he was convicted of two counts of delivery of a controlled substance, both serious drug felonies, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to those offenses within 15 years of the

commencement of the instant offense.

## COUNT TWO

On or about July 3, 2018, in the Middle District of Florida, the defendant,

ANDREW RICHIE BROWN,

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Delivery of a controlled substance, on or about September 11, 2008;

2. Possession of a controlled substance, on or about September 11, 2008;

3. Delivery of a controlled substance, on or about September 11, 2008;

4. Possession of a controlled substance, on or about September 11, 2008; and

5. Felony battery, on or about September 11, 2008,

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is, a Springfield Armory firearm.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## COUNT THREE

On or about July 3, 2018, in the Middle District of Florida, the defendant,

ANDREW RICHIE BROWN,

did knowingly and intentionally distribute a controlled substance, which violation involved 5 grams of more of methamphetamine (actual), a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(viii).

Before defendant ANDREW RICHIE BROWN committed the offense charged in this count, he was convicted of two counts of delivery of a controlled substance, both serious drug felonies, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to those offenses within 15 years of the commencement of the instant offense.

## **FORFEITURE**

1. The allegations contained in Counts One through Three are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 922(g), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. Upon conviction of a violation of 21 U.S.C. § 841, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained as a result of the offense and any property used, or intended to be used, to commit, or to facilitate the commission of the offense.

4. The property to be forfeited includes, but is not limited to, the following: a Springfield Armory firearm.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), directly and as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Callan L. Albritton
Assistant United States Attorney

By: _____
Christopher F. Murray
Assistant United States Attorney
Chief, Violent Crimes and Narcotics Section

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

ANDREW RICHIE BROWN

## INDICTMENT

Violations:  21 U.S.C. § 841(a)(1)
18 U.S.C. § 922(g)(1)

A true bill,

_____
Foreperson

Filed in open court this <u>30th</u> day

of January, 2020.

_____
Clerk

Bail $_____

GPO 863 525